J-S37030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LEXIS M. ROLON :
:
Appellant : No. 1241 EDA 2021

Appeal from the Judgment of Sentence Entered April 21, 2021
In the Court of Common Pleas of Northampton County Criminal Division
at CP-48-CR-0000245-2019, CP-48-CR-0000246-2019

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED JANUARY 4, 2022**

In this appeal, Lexis M. Rolon (Appellant) challenges the discretionary

aspects of his sentence. We affirm.

The trial court detailed the procedural history as follows:

Following a jury trial … [Appellant] was convicted of a myriad of
sexual offenses stemming from years of sexual abuse inflicted
upon his sister, as well as separate instances of sexual assaults
against his sister's friend. Both victims were approximately age
twelve when the sexual assaults began. [Appellant] was
approximately eighteen years old.

The jury found Appellant guilty as charged in both case numbers
245 and 246 of 2019. Specifically, in case number 245-2019,
Appellant was found guilty of the following offenses for sexual
assaults perpetrated upon victim, K.D.: Statutory Sexual
Assault, victim under 16 years, a felony of the second degree;
Sexual Assault, victim under 16 years, a felony of the second
degree; Corruption of Minors, corruption by sexual offense, a

_____

[*] Former Justice specially assigned to the Superior Court.

felony of the third degree; and Corruption of Minors, defendant age 18 or above, a misdemeanor of the first degree. In case number 246-2019, Appellant was found guilty of the following offenses for sexual assaults perpetrated upon [] J.R.: Statutory Sexual Assault, victim under 16 years, a felony of the second degree; Sexual Assault, victim under 16 years, a felony of the second degree; Corruption of Minors, corruption by sexual offense, a felony of the third degree; Corruption of Minors, a defendant age 18 or above, a misdemeanor of the first degree; and Incest of Minor, a felony of the second degree.

On April 21, 2021, this [c]ourt sentenced Appellant as follows:

In case number 245-2019 with respect to victim K.D.: 1) for the charge of Statutory Sexual Assault, victim under 16 years of age, to serve a term of imprisonment in a state correctional institution for a minimum period of 14 months, up to a maximum period of 36 months, and a consecutive period of probation of 60 months; 2) for the charge of Sexual Assault, victim under 16 years of age, to serve a consecutive term of incarceration in a state correctional institution for a minimum period of 54 months up to a maximum period of 108 months; 3) for the charge of Corruption of Minors, corruption by sexual offense, to serve a consecutive term of imprisonment in a state correctional institution for a minimum period of 12 months up to a maximum period of 24 months; and 4) for the charge of Corruption of Minors, defendant 18 years of age or above, to serve a consecutive term of imprisonment in a state correctional institution for a minimum period of 3 months up to a maximum period of 12 months.

In case number 246-2019 with respect to victim J.R.: 1) for the charge of Statutory Sexual Assault, victim under 16 years of age, to serve a term of imprisonment in a state correctional institution for a minimum period of 14 months, up to a maximum period of 36 months, and a consecutive period of probation of 60 months; 2) for the charge of Sexual Assault, victim under 16 years of age, to serve a consecutive term of incarceration in a state correctional institution for a minimum period of 54 months up to a maximum period of 108 months; 3) for the charge of Corruption of Minors, corruption by sexual offense, to serve a consecutive term of imprisonment in a state correctional institution for a minimum period of 12 months up to a maximum period of 24 months; 4) for the charge of Corruption of Minors,

> defendant 18 years of age or above, to serve a consecutive term of imprisonment in a state correctional institution for a minimum period of 3 months up to a maximum period of 12 months; and 5) for the charge of Incest of a Minor, to serve a consecutive term of imprisonment in a state correctional institution for a minimum period of 24 months up to a maximum period of 48 months.
>
> On April 29, 2021, Appellant filed a post-sentence motion, entitled "Petition for Reconsideration", wherein Appellant asserted his belief that his sentence was unduly harsh and excessive and should be modified so that a portion of the offenses for which he was sentenced could be served concurrently. We denied this Petition on May 18, 2021.

Trial Court Opinion, 7/14/21, at 1-3.

Appellant's consecutive sentences resulted in an aggregate 15.8 to 34 years of incarceration. Appellant timely appealed.[1] Both Appellant and the trial court have complied with Pa.R.A.P. 1925. Appellant presents the following question for review:

_____

[1] Appellant filed one notice of appeal, contrary to **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (when "a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."). Notably, though, the trial court advised Appellant that he had "the right to file **an** appeal from th[e] judgment of sentence[.]" Order, 5/18/21, at 1 (emphasis added). Under **Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019), we found a breakdown in court operations had occurred when the trial court advised the defendant that he had the right to file a singular notice of appeal; on this basis, we declined to quash under **Walker**. Here, as with **Stansbury**, the misstatement by the trial court constituted a breakdown in court operations. We likewise decline to quash the appeal. **Commonwealth v. Larkin**, 235 A.3d 350, 353 (Pa. Super. 2020) (*en banc*) (we may decline to quash "when the defect resulted from an appellant acting in accordance with misinformation relayed to him by the trial court.").

>       Whether the Sentencing Court erred and exercised a lapse in its discretion in failing to adequately consider several mitigating factors when arriving at Appellant's sentence?

Appellant's Brief at 3.

It is well-settled that the "right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). When an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

We have explained:

>       An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test[.] We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

In this case, Appellant filed a timely notice of appeal and post-sentence motion. Also, he included in his brief the requisite concise statement of reasons relied upon for appeal pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 6. We therefore examine whether Appellant has raised a substantial question.

- 4 -

"We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Ahmad***, 961 A.2d 884, 886-87 (Pa. Super. 2008). Allowance of appeal will be permitted only when the appellate court determines there is a substantial question that the sentence is not appropriate under the Sentencing Code. ***Commonwealth v. Hartle***, 894 A.2d 800, 805 (Pa. Super. 2006). A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. ***Id***.

> [A] defendant may raise a substantial question where he receives consecutive sentences within the guidelines if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013) (citation omitted).

In his Pa.R.A.P. 2119(f) statement, Appellant asserts the trial court abused its discretion by failing to adequately consider mitigating factors. Appellant's Brief at 6. He concedes the trial court,

> sentenced him to a minimum within the upper range of the standard range of the Sentencing Guidelines on all nine (9) offenses. Appellant also concedes the Sentencing Court had the discretion to impose consecutive rather than concurrent sentences with regard to all of the offenses.

*Id*. at 11. Nonetheless, Appellant asserts his sentence is unreasonable because the trial court failed to consider the following mitigating factors:

    a. that Appellant was barely 18 years of age when the acts allegedly occurred as charged and convicted;

    b. had no prior criminal record;

    c. was a high school graduate who was gainfully employed prior to his arrest;

    d. had no prison misconducts while incarcerated;

    e. was deemed not to be a sexual[ly] violent predator (SVP);

    f. had no father figure while growing up since his father was absent from his life;

    g. was raised by a mother who was a drug addict who passed away at an early age; and,

    h. had a lack of proper guidance from adult peers.

*Id*. at 6, 12.

Appellant has raised a substantial question. *See Commonwealth v. Hill*, 210 A.3d 1104, 1116 (Pa. Super. 2019) (a substantial question existed where appellant claimed the trial court failed to consider certain sentencing factors in conjunction with appellant's assertion of an excessive sentence); *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) ("This Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question."). We therefore review the merits of Appellant's argument.

Preliminarily, we recognize:

[T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion .... [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Moury*, 992 A.2d at 169–70 (citation omitted).

The Pennsylvania Supreme Court, in *Commonwealth v. Walls*, 926 A.2d 957, 964 (Pa. 2007), determined that a sentence may be deemed unreasonable upon review of the trial court's application of the factors set forth in 42 Pa.C.S.A. §§ 9721(b) and 9781(d). Section 9721(b) states:

[T]he court shall follow the general principle that the sentence imposed should call for total confinement that is consistent with section 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole, risk assessment instrument and recommitment ranges following revocation).

42 Pa.C.S.A. § 9721(b).

> Section 9781(d) provides that this Court must have regard for:
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; [and] (4) the guidelines promulgated by the sentencing commission.

42 Pa.C.S.A. § 9781(d); *see also Commonwealth v. Ventura*, 975 A.2d 1128, 1134-35 (Pa. Super. 2009).

In addition, "long standing precedent ... recognizes that [the Sentencing Code] affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Brown*, 249 A.3d 1206, 1212 (Pa. Super. 2021) (quoting *Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005)). We will not disturb consecutive sentences unless the aggregate sentence is "grossly disparate" to the defendant's conduct, or "viscerally appear[s] as patently unreasonable." *Commonwealth v. Gonzalez–Dejusus*, 994 A.2d 595, 599 (Pa. Super. 2010). Moreover, when the trial court has the benefit of a presentence investigation (PSI) report, it is presumed that the court was both aware of and appropriately weighed all relevant information contained the report. *See, e.g., Commonwealth v. Griffin*, 804 A.2d 1, 8 (Pa. Super. 2002).

While Appellant acknowledges the trial court's consideration of some mitigating factors, he claims the court failed to "seriously consider these factors before rendering such an unreasonable and unduly harsh [s]entence under the circumstances." Appellant's Brief at 12.

The Commonwealth counters that the trial court properly and thoroughly addressed the Section 9721(b) factors at sentencing. **See** Commonwealth Brief at 16-20. The Commonwealth cites the court's determination that Appellant was "dangerous to any female, specifically minors, that he may come into contact with," and its finding that Appellant was not amenable to a shorter or probationary sentence; the Commonwealth also references the court's consideration of Appellant's youth, lack of prior criminal history, family background, and the fact he was not deemed to be a sexually violent predator. **Id.** at 17-18 (quoting N.T., 4/21/21, at 34).

We agree with the Commonwealth. The record reveals the trial court ordered a PSI and a sexually violent predator assessment, and had the benefit of both reports at sentencing.[2] **See** N.T., 4/21/21, at 4; **see also Commonwealth v. Fowler**, 893 A.2d 758, 766 (Pa. Super. 2006) (because

---

[2] At Appellant's request, the court also ordered a psychological evaluation and psychosexual evaluation. However, Appellant subsequently refused to participate in these evaluations, and the court sentenced Appellant without them. **Id.** at 5.

the trial court considered the PSI report, "we are required to presume [it] properly weighed the mitigating factors present in the case.").

In addition, Appellant's sentence is within the standard range of the sentencing guidelines, and as such, is presumptively reasonable. *See* 42 Pa.C.S.A. § 9781(c)(3) (appellate court must vacate sentence imposed within the sentencing guidelines only if it "involves circumstances where the application of the guidelines would be clearly unreasonable").

At the hearing, defense counsel noted that Appellant was barely 18 years old when he committed the crimes. N.T., 4/21/21, at 9. Counsel explained that Appellant is a high school graduate, was employed before he was arrested, and had taken courses at Northampton County Community College. *Id*. Counsel argued that Appellant's lack of a father figure and mother's drug abuse and death caused Appellant to receive "improper guidance from adult peers." *Id.* at 10.

Conversely, the Commonwealth noted the victims were only 12 years old when Appellant assaulted them, "[n]ot once, not twice, not a few times but over a hundred times," and Appellant has "shown absolutely no remorse." *Id.* at 11-12.

Thereafter, in arriving at Appellant's sentence, the court stated:

> I want everyone to know how much I struggled with this because [Appellant] is young. [Appellant] has no prior record. What he did is about as serious as things can possibly get. And [Appellant] will do a number of years in a state correctional facility.

- 10 -

But what [Appellant] chose to do to [the victims] will far exceed that number of years and I know that. And so to some extent, what's going to stay with them is going to far exceed whatever happens to him today. I can't fix that. **But I have had to consider his age, his education, all the information that was provided to me, the information in the PSI, however limited, the sexually violent predator assessment, the sentencing guideline forms, all the information presented at trial, the victim impact statements, the family relationships, [Appellant's] rehabilitative needs**. Certainly it has weighed heavily on me the need to protect the public, the need to deter future similar conduct, and certainly the fact that a lesser sentence would depreciate the seriousness of these crimes.

N.T., 4/21/21, at 27-28.

In sum, the record belies Appellant's claim that the trial court failed to adequately consider mitigating factors. To the contrary, the court acted within its discretion in considering all appropriate factors and imposing Appellant's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2022

- 11 -